United States District Court
Southern District of Texas

**ENTERED**

March 31, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00090 |
| | § | |
| JONATHAN KEITH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

This case has been referred to me for all pretrial purposes. *See* Dkt. 10. Before anything else happens in this case, however, I must be assured that this court has subject matter jurisdiction to preside over this lawsuit.

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The party asserting federal jurisdiction in a diversity action has the burden to demonstrate that there is federal jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Congress granted federal courts jurisdiction over two general types of cases: (1) cases that arise under federal law (federal-question jurisdiction); and (2) cases in which the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties (diversity jurisdiction). *See* 28 U.S.C. §§ 1331, 1332(a). Plaintiff Andrew Mitchell contends that this court has diversity jurisdiction. *See* Dkt. 1 at 2. For diversity jurisdiction to exist, Mitchell's citizenship must be diverse from each defendant's citizenship, and the amount in controversy

must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). For the reasons explained below, Mitchell's complaint fails to establish that (1) complete diversity exists as to each defendant, and (2) the amount-in-controversy requirement is satisfied as to each defendant.

## MITCHELL HAS NOT ESTABLISHED COMPLETE DIVERISTY

Complete diversity requires that all persons on one side of a controversy be citizens of different states from all persons on the other side. The citizenship of a limited liability entity is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Individuals are citizens of the state in which they are domiciled—that is, the state where the individual resides and intends to remain. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007).

Mitchell sues 209 defendants, identified in Attachment A to his complaint, each of whom, he alleges, "is domiciled in Louisiana, North Carolina, or South Carolina." Dkt. 1 at 2. This allegation is woefully insufficient to establish complete diversity. Where jurisdiction is based on diversity, the Fifth Circuit "adhere[s] strictly to the rule that citizenship of the parties must be distinctly and affirmatively alleged." *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 259 (5th Cir. 2008) (quotation omitted).

Among the 209 defendants that Mitchell names are several corporations and limited liability entities: (1) Reese J. Broussard, Inc.; (2) DJ Airline Investments, LLC; (3) Swami Bapa Inc.; (4) NOLA Station, LLC; (5) Balls Fried Chicken, LLC;

2

(6) Pam Broussard-SideLine Sports & Screening LLC; (7) Yassine Enterprises, LLC; (8) First Responder Equipment and Uniform Distributors LLC; (9) KMT Painting and Decorating, LLC; and (10) Greater St. Stephens Ministries, Inc. The court cannot be assured that it has subject matter jurisdiction over Mitchell's claims against these defendants until Mitchell has distinctly and affirmatively alleged their citizenship. For the incorporated entities, this means that Mitchell must allege each entity's state of incorporation *and* principal place of business. For the limited liability entities, Mitchell must identify each limited liability entity's member(s) and their citizenship—domicile for individuals and state of incorporation and state of principal place of business for incorporated entities.

Nor can the court be assured of its jurisdiction over any individual defendant. The United States Supreme Court has recognized "the well-established rule that diversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). "For diversity purposes, citizenship means domicile." *Preston*, 485 F.3d at 799 (quotation omitted). "The definition of 'domicile' has not changed from that set forth more than a century ago by the Supreme Court: a residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time." *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985) (quotation omitted). "'Citizenship' and 'residence' are not synonymous terms." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "Residence establishes prima facie indication of domicile, but it must be accompanied by an intent to remain in that state." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 463 F. Supp. 2d 583, 592 (E.D. La. 2006), *aff'd*, 485 F.3d 804 (5th Cir. 2007). "[M]ere residence in the State is not sufficient." *Preston*, 485 F.3d at 799.

All Mitchell offers this court to establish the citizenship of any individual defendant is his or her mailing address. That is not enough, particularly in a case like this one, where the claims concern "insurance losses arising from Hurricane Laura (2020), Hurricane Delta (2020), Hurricane Ida (2021), or other covered

perils." Dkt. 1 at 2. Mitchell does not specify whether the addresses that he provides were current addresses reflecting the domicile of each individual defendant at the time that Mitchell filed his complaint, as opposed to their addresses on the date of the insurance claims at issue. If any defendant was displaced by a hurricane, the address associated with their insurance may not be the address where they currently reside or, more importantly, where they resided on the date that Mitchell filed this lawsuit.

Finally, Mitchell has sued four entities—the Corrine Missionary Baptist Church, the Gethsemane Church of God in Christ, the Congregation Gates of Prayer, and Bayak's Country Store—without identifying the entities' organization and corresponding citizenship. Mitchell does not identify what corporate form, if any, applies to these entities, or the corresponding citizenship test for such form. If any one of these entities does not have a corporate form and is instead an unincorporated association, then it "is deemed a citizen of every state in which its members reside." *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989). But that would require Mitchell to identify each of the members of that unincorporated association and their citizenship. Should any of these entities be "doing business as," then Mitchell must identify the actual party in interest behind the entity and that party's citizenship(s). Without this information, this court cannot be assured that complete diversity exists.

### MITCHELL SATISFIES THE AMOUNT-IN-CONTROVERSY THRESHOLD FOR ONLY TWO DEFENDANTS

Even if the court could be assured that there is complete diversity between Mitchell and the defendants, it still could not be assured of its subject matter jurisdiction because Mitchell has failed to establish that the amount-in-controversy exceeds $75,000, exclusive of interest and costs, as to each defendant.

Mitchell filed with his complaint a table reflecting the amounts that Mitchell claims each defendant owes him. *See* Dkt. 5. These amounts range from $473.22 to $143,750.00. According to Mitchell's table and his complaint, only two

defendants owe Mitchell more than $75,000: (1) "Corrine Missionary Baptist Church – 2425 Beachhead (#6112284, $143,750.00)" and (2) "Dexter Fountain – State Farm (#6112040, $93,138.50)." *Id.* Despite identifying only two claims that exceed the amount-in-controversy threshold, Mitchell nevertheless contends that "[t]he *aggregate* amount in controversy substantially exceeds $75,000," and that, in any event, "this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a)." *Id.* (emphasis added) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558–59 (2005)). Both arguments are incorrect.

To start, Mitchell's reliance on *Allapattah* is misplaced. In *Allapattah*, the Supreme Court held that § 1367 permits the exercise of diversity jurisdiction over plaintiffs who fail to satisfy the amount-in-controversy requirement so long as there is complete diversity and at least one plaintiff satisfies the amount-in-controversy requirement. Specifically, the Supreme Court held "that § 1367 by its plain text . . . authorized supplemental jurisdiction over all claims by diverse parties arising out of the same Article III case or controversy, *subject only to enumerated exceptions not applicable in the cases now before us*." 545 U.S. at 566–67 (emphasis added). Those enumerated exceptions were not before the Supreme Court in *Allapattah*, but one of those enumerated exceptions *is* before this court now.

The supplemental jurisdiction statute plainly states that "district courts *shall not* have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b) (emphasis added). In other words, a federal court cannot exercise diversity jurisdiction over any defendant who has been made a party under Rule 14, 19, 20, or 24, unless the plaintiff demonstrates that every requirement of diversity jurisdiction—complete diversity *and* the minimum amount-in-controversy—is satisfied as to that defendant.

Mitchell has joined all 209 defendants under Rule 20.[1] *See* Dkt. 1 at 3 ("Pursuant to Federal Rule of Civil Procedure 20(a)(2), Plaintiff joins all 209 Defendants."). Accordingly, this court may exercise jurisdiction over Mitchell's claims against each defendant only to the extent that each claim *independently* satisfies § 1332's requirement of complete diversity and the amount-in-controversy threshold. Mitchell cannot aggregate his claims to get around this rule.

The Fifth Circuit recognizes the following "general rule" regarding "the aggregation of the claims of a plaintiff against two or more defendants": When a plaintiff sues several defendants, asserting "separate and distinct" claims against each of them, "the test of jurisdiction is the amount of each claim, and not their aggregate." *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (cleaned up). "Claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, [*only*] if [the defendants] are *jointly liable* to the plaintiff." *Id.* (emphasis added). Mitchell does not allege that any defendants are jointly liable to him. Mitchell "prays for judgment against each Defendant, jointly and severally where applicable," yet Mitchell never specifies where it would be applicable to hold any of the defendants—much less all 209 defendants—jointly liable. Dkt. 1 at 8. Without some reason why the defendants in this case should be jointly liable, Mitchell cannot aggregate his claims against them to satisfy the amount-in-controversy requirement for diversity jurisdiction.

---

[1] Rule 20 allows the permissive joinder of defendants where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). I will assume, for the sake of argument, that Mitchell may join his claims against each of the 209 defendants. Even so, that does not cure Mitchell's failure to identify each defendant's citizenship, nor does it help Mitchell satisfy the amount-in-controversy threshold for diversity jurisdiction.

## CONCLUSION

For the reasons explained above, Mitchell has failed to establish this court's subject matter jurisdiction. Accordingly, the Clerk shall not issue and the Marshals shall not serve summonses in this matter until this court's jurisdiction is established.

I will give Mitchell until <u>Thursday, April 30, 2026</u>, to file an amended complaint that addresses the deficiencies noted in this opinion as to each defendant. Should Mitchell fail to establish this court's subject matter jurisdiction again, this action will be dismissed without prejudice.

SIGNED this __*31*__ day of March 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE