United States District Court
Southern District of Texas

**ENTERED**

May 04, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00090 |
| | § | |
| JONATHAN KEITH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

This case has been referred to me for all pretrial purposes. *See* Dkt. 10. I am sua sponte issuing this memorandum and recommendation to suggest that the court order the conditional dismissal of this lawsuit without prejudice unless Plaintiff Andrew Mitchell appears through licensed counsel within 30 days from the date this memorandum and recommendation is adopted.

On March 15, 2026, Mitchell, an incarcerated person proceeding pro se, instituted this lawsuit against 209 defendants. On April 21, 2026, in response to a jurisdictional order, Mitchell "narrowed this action from two hundred nine (209) defendants to two (2) defendants, each of whom independently satisfies the amount-in-controversy requirement." Dkt. 15 at 1.

Mitchell was a licensed public adjuster. Mitchell provided his public adjusting services through Mitchell Adjusting International LLC ("MAI"), a Texas limited liability company. At all times, Mitchell has been the sole member of MAI. Mitchell claims that Defendants "fail[ed] to remit the public adjusting fees owed to Plaintiff (through [MAI]) upon receipt of hurricane insurance settlement proceeds." *Id.* at 2. Mitchell asserts Texas state law claims for breach of contract, open account, conversion, unjust enrichment, and detrimental reliance. Mitchell purports to bring this lawsuit individually and as assignee of MAI's receivables. *See* Dkt. 1 at 1. Mitchell cannot do this.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The right to conduct one's own cases personally is limited to one's own interests. "Artificial business entities—such as limited liability companies, corporations, and partnerships—may appear in federal court only through counsel." *Alt. Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993)).

Mitchell believes that "[b]y operation of federal restitution obligations and federal court orders," MAI's assets "are legally [Mitchell]'s personal assets." Dkt. 1 at 2. But the fact that Mitchell has been ordered to pay restitution to his victims does nothing to change the settled law that artificial business entities—or those bringing claims on behalf of artificial business entities—must appear through licensed counsel. Nor could a federal district court judge presiding over a criminal case upend this centuries-old law in unrelated and not-yet-filed civil cases with a simple restitution order. Mitchell offers no law in support of this extraordinary argument.

Mitchell attempts "to re-characterize claims brought on behalf of [MAI] as individual claims belonging to him—this time asserting assignment of the claims—so that he may proceed pro se." *Stark v. Kohrs*, No. 1:19-cv-041, 2020 WL 734480, at *3 (W.D. Tex. Feb. 12, 2020). I assume, for the sake of argument, that the purported assignment of MAI's accounts receivables and business claims to Mitchell is valid. *See* Dkt. 7. Even so, MAI is the real party in interest, and to prosecute MAI's claims, Mitchell must appear through counsel.

MAI is free to assign its claims to Mitchell, but such assignment still does not authorize Mitchell to appear on MAI's behalf. "Courts faced with this question routinely hold that an individual who has been assigned claims from a corporation cannot proceed pro se." *See Stark*, 2020 WL 734480, at *3 & n.1 (collecting cases).

2

As the Court of Appeals for the District of Columbia explained more than 90 years ago:

> We think the words 'the parties,' as used in [28 U.S.C. § 1654], mean the parties in interest—the real, beneficial owners of the claims asserted in the suit[], and by implication that it excludes agents and attorneys in fact and confines the representation, where the party whose rights are actually involved does not appear in person, to attorneys and counselors at law. ***It cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee—not an attorney—to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish the purpose***; and this, for the reason that such an assignment would transfer only the naked legal title or, perhaps more accurately, no more than an agency—a power without an interest;—and in such case there would be lacking that element of personal interest which alone permits the management of an action at law in a court by some one other than an attorney at law.
>
> . . . .
>
> Petitioner is not an attorney at law, nor is he the real party in interest, and hence had no standing to commence or to prosecute the action.

*Heiskell v. Mozie*, 82 F.2d 861, 863 (D.C. Cir. 1936) (emphasis added).[1] It appears that Mitchell's "sole reason for pursuing the assignment . . . was so that [MAI] could protect its [contractual] rights in federal court without retaining counsel." *M2 Tech., Inc. v. M2 Software, Inc.*, 589 F. App'x. 671, 675 n.2 (5th Cir. 2014). This is not allowed.

In sum, the claims here belong to MAI, the company with whom the insureds contracted. Even if MAI validly assigned its claims to Mitchell—an issue I need not

---

[1] *See also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985) ("We see no reason to permit any evasion of the general rule [of corporate representation by counsel] by the simple expedient of the assignment of corporate claims to the *pro se* plaintiff. Nor is any injustice done to plaintiff by this holding."); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) ("In light of the[] policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual.").

address—said assignment merely allows Mitchell to stand in MAI's shoes. But MAI can only appear in federal court through an attorney. Mitchell is not an attorney. Thus, Mitchell cannot prosecute MAI's claims on his own, even if they are validly assigned to him.

"A district court may dismiss a claim on its own motion as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (cleaned up). Fairness "requires both notice of the court's intention and an opportunity to respond." *Id.* (quotation omitted). Here, Mitchell has both the opportunity to object to this memorandum and recommendation and, in the event it is adopted, 30 days to appear through counsel before this action is dismissed without prejudice. That is fair.

## CONCLUSION

For the reasons discussed above, I recommend that the court order the conditional dismissal of this lawsuit without prejudice unless Mitchell appears through licensed counsel within 30 days from the date this memorandum and recommendation is adopted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 4th day of May 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

4